# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KEVIN DOOLEY KENT, in his capacity** | : | |
| **as Receiver for Broad Reach Capital, LP,** | : | |
| **Broad Reach Partners, LLC, Bristol** | : | |
| **Advisors, LLC, TA1, LLC, CV** | : | **Civil Action** |
| **Investments LLC and Investment** | : | |
| **Consulting LLC** | : | |
| **Two Commerce Square** | : | **NO. _____** |
| **2001 Market Street, Suite 2620** | : | |
| **Philadelphia, PA 19103,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HECTOR VALDES** | : | |
| **204 West Spear Street, # 3581** | : | |
| **Carson City, NV 89703** | : | |
| | : | |
| **and** | : | |
| | : | |
| **BLUWATER HOLDINGS CORP.** | : | |
| **c/o Corporate Services of Nevada** | : | |
| **502 North Division Street** | : | |
| **Carson City, NV 89703,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **DOGGTEK, LLC** | : | |
| **c/o Corporate Services of Nevada** | : | |
| **502 North Division Street** | : | |
| **Carson City, NV 89703** | : | |
| | : | |
| **and** | : | |
| | : | |
| **FOGO RESOURCES** | : | |
| **c/o Corporate Services of Nevada** | : | |

502 North Division Street                    :
Carson City, NV 89703                        :
                                             :
            and                              :
                                             :
TERRANOVUS CORP.                             :
c/o Corporate Services of Nevada             :
502 North Division Street                    :
Carson City, NV 89703                        :
                                             :
            and                              :
                                             :
UNDERGROUND RESOURCES, LTD.                  :
c/o Corporate Services of Nevada             :
502 North Division Street                    :
Carson City, NV 89703                        :
                                             :
            and                              :
                                             :
VALDESCO, LTD.                               :
c/o Corporate Services of Nevada             :
502 North Division Street                    :
Carson City, NV 89703                        :
                                             :
            and                              :
                                             :
ZROC INTERNATIONAL, LTD.                     :
c/o Corporate Services of Nevada             :
502 North Division Street                    :
Carson City, NV 89703,                       :
                                             :
            Defendants.                      :
_____      :

## COMPLAINT

## INTRODUCTION

1.      This action is brought by Kevin Dooley Kent, a federally-appointed equity Receiver, against Hector Valdes and several of his entities, seeking to recover nearly $8 million of fraudulently transferred Receivership Assets sent to Defendant Bluwater Holdings Corp., approximately $5.4 million of which Hector Valdes thereafter distributed through loans and other undefined transactions with himself and the various other entity defendants under his control.

### RECEIVERSHIP BACKGROUND

2.      This action is brought pursuant to a June 29, 2020 Order (the "Receivership Order") issued by the Honorable Madeline Cox Arleo, United States District Judge for the District of New Jersey, in the underlying action brought by the Securities and Exchange Commission ("SEC" or the "Commission") against Brenda Smith ("Smith"); Broad Reach Capital, LP ("Broad Reach Capital", "Broad Reach Fund" or the "Fund"); Broad Reach Partners, LLC ("Broad Reach Partners"); and Bristol Advisors, LLC ("Bristol") (collectively, the "Smith Defendants"), captioned *Securities and Exchange Commission v. Brenda Smith*, *et al.*, Civil Action No. 2:19-cv-17213 (MCA) (D.N.J.) (the "SEC Action"). True and correct copies of the SEC Complaint and the Receivership Order are attached hereto as Exhibit "A" and Exhibit "B," respectively.

3.      The SEC Action arises out of an investment advisory fraud in which, *inter alia*, the Smith Defendants solicited approximately $100 million from

investors for purported investment in sophisticated securities trading strategies. In reality, Smith took the vast majority of these funds for unrelated companies, to pay back other investors, and for personal use. And, in 2019, confronted with at least one investor trying to redeem its investment, Smith created a fictitious valuation of assets backed by false claims that she held billions of dollars in assets through a company she owned.

4.      The fraud was perpetrated by the Smith Defendants directly and through numerous affiliated entities owned or controlled by one or more of the Smith Defendants (referred to in the Receivership Order as "Affiliated Entities").

5.      The Smith Defendants and Affiliated Entities operated out of offices in West Conshohocken, Pennsylvania, and, upon information and belief, all or a majority of their conduct as set forth in this Complaint occurred in the Commonwealth of Pennsylvania.

6.      Brenda Smith was also criminally prosecuted for her conduct. The government filed its criminal complaint against Brenda Smith on August 22, 2019 in the matter of *USA v. Smith*, No. 2:20-cr-00475-MCA-1 (D.N.J.) (the "Criminal Action"). On September 9, 2021, Smith pled guilty to Count Seven of the Criminal Indictment, which charged her with securities fraud. She has been sentenced and is presently incarcerated.

7.      The SEC Action is ongoing, but currently subject to a stay. Under the terms of the stay order, all orders relating to the Receivership and all powers granted to the Receiver remain in full force and effect during the pendency of the stay.

8.      Plaintiff, Kevin Dooley Kent, was appointed under the Receivership Order to serve as the Receiver ("Receiver" or "Plaintiff") for the purpose of marshaling and preserving all assets, including, *inter alia*, monies, securities, choses in action, and properties of the Smith Defendants and the Affiliated Entities to maximize the recovery available to investors defrauded by Smith. This includes assets that (1) are attributable to assets derived from investors or clients of Smith Defendants; (2) are held in constructive trust for the Smith Defendants; (3) were fraudulently transferred by the Smith Defendants; and/or (4) may otherwise be included as assets of the Smith Defendants or Affiliated Entities (collectively "the Receivership Estate" or "Receivership Assets"). *See* Ex. "B", Whereas ¶ 3.

9.      In this regard, the Receivership Order provides that the Receiver is appointed "to assume control of, marshal, pursue, and preserve the Receivership Assets." *See* Ex. "B", ¶ 5.

10.     In the Receivership Order, the Court took exclusive jurisdiction and possession of the Receivership Assets, including, but not limited to, the assets of the following Smith Defendants and Affiliated Entities: Broad Reach Capital, LP;

Broad Reach Partners, LLC; Bristol Advisors, LLC; BA Smith & Associates LLC; Bristol Advisors LP; CV Brokerage, Inc.; Clearview Distribution Services LLC; CV International Investments Limited; CV International Investments PLC; CV Investments LLC; CV Lending LLC; CV Minerals LLC; BD of Louisiana, LLC; TA 1, LLC ("TA1") ; FFCC Ventures, LLC; Prico Market LLC; GovAdv Funding LLC; Elm Street Investments, LLC; Investment Consulting LLC ("Investment Consulting") and Tempo Resources LLC (collectively, "Receivership Parties" or "Receivership Entities"). *See* Ex. "B", ¶ 1.

11.     Plaintiff, Kevin Dooley Kent, in his capacity as Receiver for, *inter alia*, the Receivership Assets and Receivership Parties, by and through his counsel, hereby asserts this action to recover, and avoid the fraudulent transfer(s) of, Receivership Assets made by certain of the Receivership Parties to Bluwater Holdings Corp. under theories of fraudulent transfer and unjust enrichment. The Receiver also demands an accounting from Defendants, including but not limited to all funds transferred by the Receivership Parties to them, for their benefit, on their behalf, or at their request, and/or transferred between them, in whatever form.

## **PARTIES**

12.     Under the Receivership Order, Receiver is a representative of this Court with the full powers of an equity receiver. *See* Ex. "B".

13.     The Receivership Order authorizes the Receiver to institute legal proceedings on behalf of and for the benefit of the Receivership Estate as may be necessary or appropriate in order to recover, conserve or maximize Receivership Assets, including, *inter alia,* actions seeking legal and equitable relief, to avoid fraudulent transfers, to collect debts, for disgorgement of profits, for creation of a constructive trust, for asset turnover, for rescission and restitution, and such other relief as this Court may deem necessary to enforce the Receivership Order. *See* Ex. "B", ¶¶ 50-51.

14.     Defendant Hector Valdes ("Valdes") is an individual whose last known business or residential address is 204 W Spear Street, Unit 3581, Carson City, NV 89703.

15.     Defendant Bluwater Holdings Corp. ("Bluwater") is a legal entity incorporated in the State of Nevada with a registered agent address of 502 North Division Street, Carson City, Nevada 89703, and with a business address of 204 West Spear Street, Unit 3581, Carson City, Nevada 89703.

16.     Valdes is the president, director, treasurer and secretary of Bluwater.

17.     Defendant Doggtek, LLC ("Doggtek") is a legal entity incorporated in the State of Nevada with a registered agent address of 502 North Division Street, Carson City, Nevada 89703, and with a business address of 204 West Spear Street, Unit 3693, Carson City, Nevada 89703.

18.     Valdes is the manager of Doggtek.

19.     Upon information and belief and according to publicly available records, Doggtek may have been dissolved.

20.     Defendant FOGO Resources ("FOGO") is a legal entity incorporated in the State of Nevada with a registered agent address of 502 North Division Street, Carson City, Nevada 89703, and with a business address of 204 West Spear Street, Unit 3738, Carson City, Nevada 89703.

21.     Valdes is the president and director of FOGO.

22.     Defendant Terranovus Corp. ("Terranovus") is a legal entity incorporated in the State of Nevada with a registered agent address of 502 North Division Street, Carson City, Nevada 89703, and with a business address of 204 West Spear Street, Unit 3760, Carson City, Nevada 89703.

23.     Valdes is the president, director, treasurer and secretary of Terranovus.

24.     Upon information and belief and according to publicly available records, Terranvus may have been dissolved.

25.     Defendant Underground Resources, Ltd ("Underground") is a legal entity incorporated in the State of Nevada with a registered agent address of 502 North Division Street, Carson City, Nevada 89703, and with a business address of 204 West Spear Street, Unit 3694, Carson City, Nevada 89703.

26.     Valdes is the manager of Underground.

27.     Defendant Valdesco Ltd ("Valdesco") is a legal entity incorporated in the State of Nevada with a registered agent address of 502 North Division Street, Carson City, Nevada 89703, and with a business address of 204 West Spear Street, Unit 3695, Carson City, Nevada 89703.

28.     Valdes is an officer of Valdesco.

29.     Defendant ZROC International, Ltd. ("ZROC") is a legal entity incorporated in the State of Nevada with a registered agent address of 502 North Division Street, Carson City, Nevada 89703, and with a business address of 1285 Baring Blvd., Unit 126, Sparks, NV 89434.

30.     Valdes is the president of ZROC.

31.     Defendants Bluwater, Doggtek, FOGO, Terranovus, Underground, Valdesco and ZROC are hereinafter collectively referred to as the "Entity Defendants."

32.     Upon information and belief, at all times material hereto, Valdes was the controlling member and/or officer of the Entity Defendants, the Entity Defendants are essentially his alter-ego, and Valdes personally engaged in the conduct of the Entity Defendants—including Bluwater in particular—as alleged in this Complaint.

## JURISDICTION AND VENUE

33.     Federal courts have jurisdiction over all suits in equity and actions at law brought to enforce any liability or duty created by the federal securities laws pursuant to 15 U.S.C. §§ 77v(a) and 78aa, laws at issue in the SEC Action.

34.     This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367, as Receiver brings this action to accomplish the objectives of the Receivership Order entered in the SEC Action, and as such this action forms part of the same case or controversy as the SEC Action.

35.     Under the Receivership Order, this Court retains exclusive jurisdiction over and possession of the Receivership Assets.

36.     This Court also has jurisdiction over this action under 28 U.S.C. §§ 754 and 1692. The Receiver has filed copies of the Receivership Order with the United States District Court in each federal judicial district, including the District of Nevada. As a result of those filings, the Receiver is vested with complete control over any real or personal property of the Receivership Estate located in any federal judicial district, including the District of Nevada, with the right to take possession of such property.

37.     Venue is proper in this Court under 28 U.S.C. §§ 754, 1391(b), and 1692.

## FACTUAL BACKGROUND

### The Fraudulent Scheme

38.     The SEC Action arises out of an investment advisory fraud that Smith Defendants operated from at least February 2016 through 2019, in connection with which Smith Defendants offered investors limited partnership interests in the Fund.

39.     Since the Fund's inception, Smith raised approximately $100 million from investors, and investors are still owed approximately $60 million in principal.

40.     To solicit and retain investors, the Smith Defendants represented that the funds would be invested in highly liquid securities through various sophisticated and profitable trading strategies with consistently high returns, including those that they were uniquely positioned to pursue because of their access to the trading floor of the Philadelphia Stock Exchange.

41.     In reality, only a small fraction of investor money was actually used for these trading strategies. The vast majority of these investments were moved through bank accounts Smith controlled, funneled into unrelated companies, used to pay back other investors, or utilized for Smith's personal use.

42.     Smith's fraudulent misappropriation and use of investors' funds caused the Receivership Parties to suffer harm, which the Receiver seeks to redress under Court authority.

43.     Smith was able to conceal her fraudulent misappropriation and mishandling of investor funds through numerous misrepresentations to existing and prospective investors and others, including, *inter alia*, by generating and providing false performance statements and fabricated documents regarding the Fund's assets and valuations.

### Transfer of Receivership Assets to Defendants

44.     Over the following series of transactions, Brenda Smith transferred a net of $7,752,976.43 in Receivership Assets to Bluwater:

    a.  On or about April 4, 2017, Brenda Smith caused $20,000.00 to be transferred to Bluwater from TA1;

    b.  On or about April 7, 2017, Brenda Smith caused $115,830.00 to be transferred to Bluwater from Broad Reach Capital;

    c.  On or about April 11, 2017, Brenda Smith caused $750,000.00 to be transferred to Bluwater from TA1;

    d.  On or about April 24, 2017, Brenda Smith caused $650,000.00 to be transferred to Bluwater from TA1;

    e.  On or about April 24, 2017, Brenda Smith caused $750,000.00 to be transferred to Bluwater from TA1;

    f.  On or about July 6, 2017, Brenda Smith caused $1,800,000.00 to be transferred to Bluwater from Investment Consulting;

g.  On or about September 8, 2017, Brenda Smith caused $2,000,000.00 to be transferred to Bluwater from Investment Consulting;

h.  On or about October 16, 2017, Brenda Smith caused $2,000,000.00 to be transferred to Bluwater from Broad Reach Partners;

i.  On or about December 22, 2017, Brenda Smith caused $250,000.00 to be transferred to Bluwater from Investment Consulting;

j.  On or about April 12, 2018, Bluwater transferred $1,000,000.00 to Receivership Party CV Investments, LLC;

k.  On or about July 9, 2018, Brenda Smith caused $167,146.43 to be transferred to Bluwater from Investment Consulting;

l.  On or about November 29, 2018, Brenda Smith caused $100,000.00 to be transferred to Bluwater from Investment Consulting;

m. On or about December 7, 2018, Brenda Smith caused $100,000.00 to be transferred to Bluwater from Investment Consulting;

n.  On or about December 24, 2018, Brenda Smith caused $50,000.00 to be transferred to Bluwater from Investment Consulting.

45.     Upon information and belief, the Receivership Parties received nothing in exchange for these net payments of $7,752,976.43.

46.     There may have been additional transfers made to, on behalf, at the request, or for the benefit of Bluwater, Valdes, or the Entity Defendants, which the Receiver has not yet identified, which are subject to the Receiver's demand for an accounting. In fact, an internal balance sheet for Bluwater reflects capital investments from Receivership Parties totaling nearly $8.4 million, which is over $600,000.00 more than the amounts identified above.

47.     On or about April 11, 2017, an entity believed to be associated with Brenda Smith called Rocmen Holdings, LLC ("Rocmen"), entered into a Securities Purchase Agreement with Bluwater, pursuant to which, in exchange for payment of $1,500,000.00, Rocmen was to receive twenty percent (20%), or 15,000 shares, of the outstanding stock of Bluwater (hereinafter "the SPA").

48.     Upon information and belief, the two $750,000.00 payments made by TA1 to Bluwater on April 11, 2017 and April 24, 2017, respectively, were payments made pursuant to the SPA. TA1 received no consideration in exchange for these payments; rather, the stock ownership interest was transferred to Rocmen even though Rocmen did not make any payments under the SPA.

49.     Additionally, upon information and belief, Bluwater is in possession of certain magnetite concentrates owned by Smith and/or Receivership Party CV Investments LLC.

50.     Upon information and belief, Bluwater is a holding company and has no ongoing or meaningful operations or income.

51.     According to a Bluwater Balance Sheet prepared as of March 31, 2022 ("Bluwater Balance Sheet"), nearly all of its capital investments came from the Receivership Parties.

52.     According to the Bluwater Balance Sheet, Valdes and Bluwater have distributed cash and/or assets acquired from Receivership Parties to the other defendants as follows:

    a.  approximately $2,001,910.72 was transferred to FOGO;

    b.  approximately $93,750.00 was transferred to Doggtek (an entity which is now dissolved);

    c.  approximately $124,760.00 was loaned to "officer HFV" (believed to be Valdes), likely interest-free;

    d.  approximately $750,000.00 was loaned "to Shareholder" (believed to be Valdes), likely interest-free;

    e.  approximately $1,257,022.32 was loaned Terranovus (an entity which is now dissolved), likely interest-free;

     f.   approximately $1,202,250.087 was loaned to Underground

Resources, likely interest-free;

53.    Upon information and belief, there may have been additional transfers from Bluwater to Valdes or the other Entity Defendants, including *inter alia*, approximately $377,000.00 paid to ZROC and $268,000.00 paid to Valdesco for purported professional fees.

54.    The Receiver lacks sufficient information regarding the basis for the above-referenced transfers between Bluwater, Valdes, and the other Entity Defendants and what, if anything, was provided in exchange. Therefore, these transfers are subject to the Receiver's demand for an accounting.

55.    Financial books and records belonging to the Receivership Parties and/or Smith provide no indication that any of the funds transferred to Bluwater were ever repaid to the Receivership Parties, aside from the one return transfer identified above.

56.    Upon information and belief, the Receivership Parties did not receive anything of value, or reasonably equivalent value, in exchange for these transfers to Bluwater.

57.    The transferred funds were derived directly or indirectly form investments made by investors in the Fund.

58.     These payments from the Receivership Parties to Bluwater represent an unauthorized use of investor funds, because these payments bear no relationship to the Trading Strategies investors of Broad Reach Capital and TA1 had authorized Smith to pursue with their money.

59.     The Receiver has demanded that Bluwater return the funds it received from Receivership Parties. It has failed to do so.

### Discovery of Claims

60.     Before his appointment, the Receiver could not have reasonably discovered any claims against Defendants.

61.     Additionally, it took many months for Valdes to provide information and documentation requested by the Receiver relating to Bluwater. In fact, Valdes did not provide the requested financial documentation, including the Bluwater Balance Sheet which enabled the Receiver to ascertain how the fraudulently transferred funds were used and to whom they were subsequently transferred, until November 14, 2022. Since that time, the Receiver has been waiting for further information from Valdes regarding the basis for those subsequent transfers.

62.     Any temporal limitations, statutory or otherwise, on Receiver's ability to bring the causes of action set forth in this Complaint are subject to equitable tolling as a result of, among other things, the discovery rule and the doctrine of fraudulent concealment.

63.     Additionally, the Receiver and Bluwater entered into a tolling agreement which tolls all statutes of limitations, or other defenses based on laches or other principles concerning the timeliness of commencing a civil action.

## COUNT I (against Bluwater Holdings Corp.)
## ACTION TO AVOID FRAUDULENT AND VOIDABLE TRANSFERS

64.     The Receiver hereby incorporates Paragraphs one (1) through sixty-three (63) of this Complaint as if set forth at length herein.

65.     As set forth in detail above, Receivership Parties Broad Reach Capital, LP, TA1, LLC, Investment Consulting, LLC and Broad Reach Financial Partners, LLC made payments and/or distributions to Defendant Bluwater Holdings Corp. in 2017 and 2018.

66.     All transfers of Broad Reach Capital, TA1, Investment Consulting, and Broad Reach Financial Partners to Bluwater were fraudulent and voidable transfers within the meaning of the Pennsylvania Uniform Voidable Transactions Act (previously known as the Pennsylvania Uniform Fraudulent Transfer Act), 12 Pa.C.S.A. § 5101, *et seq.* and/or the Nevada Uniform Fraudulent Transfer Act, NRS 112.140 *et seq.*

67.     Smith caused the transfer of assets to Bluwater during the course of her operation of a fraudulent investment scheme.

68. Because Smith operated Broad Reach Capital, TA1, Investment Consulting and Broad Reach Financial Partners as part of a fraudulent investment scheme, all transfers of their assets to Bluwater were made with actual intent to hinder, delay and/or defraud the Receivership Parties' creditors and/or debtors, and are fraudulent and voidable. *See* 12 Pa.C.S.A. § 5104 (a)(1).

69. When the transfers were made to Bluwater, Smith was operating Broad Reach Capital, TA1, Investment Consulting and Broad Reach Financial Partners as part of a fraudulent investment scheme intending to incur, or believing or reasonably believing that they would incur, debts beyond their ability to pay them as they became due. *See* 12 Pa.C.S.A. § 5104 (a)(2)(ii).

70. When the transfers were made to Bluwater, Broad Reach Capital, TA1, Investment Consulting and Broad Reach Financial Partners had actual assets that were unreasonably small in relation to the business or transactions. 12 Pa.C.S.A. § 5104 (a)(2)(i).

71. The Receivership Parties were insolvent or became insolvent shortly after and/or as a result of the transfers made and were unable to pay their debts as they became due. *See* 12 Pa.C.S.A. § 5105 (a).

72. Bluwater participated in the fraudulent transactions at issue as it received the benefit of the transfers.

73.     Bluwater did not take the fraudulent transactions in good faith, and did not provide any reasonably equivalent value to the Receivership Parties in exchange for these transfers, because Bluwater received $1,500,000.00 from non-obligor Receivership Parties in exchange for giving a stock ownership interest to a different entity, Rocmen, and it received an additional net of $6,252,976.43 from Receivership Parties without providing anything in return.

74.     The Receiver is entitled to avoid the fraudulent transfers to inure to the benefit of the Receivership Estate and in order to maximize the recovery available to the defrauded investors.

## Prayer for Relief as to Count I

WHEREFORE, Receiver requests this Court enter a judgment in his favor and against Defendant, Bluwater Holdings Corp., avoiding, setting aside, and requiring repayment of the net amount of the transfers made to it as set forth herein, as well as an attachment or other appropriate remedy against the assets transferred or other property of the Defendant. To the extent any of these funds have been used to acquire real or personal property in which Defendant claims an interest, Receiver also seeks a constructive trust and/or equitable lien over those assets, or alternatively, recovery of the asset(s) purchased with the Receivership Assets. The Receiver also requests interests, costs, and such other and further relief as this Court may deem just and proper.

## COUNT II (against Bluwater Holdings Corp.)
## UNJUST ENRICHMENT

75.     The Receiver hereby incorporates Paragraphs one (1) through seventy-four (74) of this Complaint as if set forth at length herein.

76.     The Receivership Parties conferred a benefit on Bluwater.

77.     Bluwater knowingly and voluntarily accepted and retained the benefits conferred upon them by the Receivership Parties.

78.     The circumstances are such that it would be inequitable and unjust for Bluwater to retain the benefits conferred by the Receivership Parties without paying the Receiver the value thereof.

### Prayer for Relief as to Count II

WHEREFORE, Receiver requests this Court enter a judgment in his favor and against Defendant, Bluwater Holdings Corp., in the amounts it was unjustly enriched, including through disgorgement of sums equal to these amounts. To the extent any of these funds have been used to acquire real or personal property in which the Defendant claims an interest, Receiver also seeks a constructive trust and/or equitable lien over those assets or alternatively, recovery of the asset(s) purchased with the Receivership Assets. The Receiver also requests interests, costs, and such other and further relief as this Court may deem just and proper.

## COUNT III (against all Defendants)
## DEMAND FOR AN ACCOUNTING

79.     The Receiver hereby incorporates Paragraphs one (1) through seventy-eight (78) of this Complaint as if set forth at length herein.

80.     The Receiver is the successor in interest to the Receivership Parties and has assumed all of their rights and obligations, including without limitation the right to collect amounts owing on purported loans made by the Receivership Parties.

81.     The Receiver has determined that Smith caused the transfer of a net in excess of $7 million in Receivership Assets to Defendant, Bluwater Holdings Corp. in 2017 and 2018, and that Bluwater Holdings Corp. thereafter transferred many of those assets to the other Defendants, pursuant to the transactional history set forth above.

82.     The Receiver lacks the information to determine whether these were the only transfers made by Receivership Parties to, for the benefit of, at the request of, and/or on behalf of Defendants, and/or between Defendants, during Smith's operation of the fraudulent scheme.

83.     Additionally, the information necessary to determine the true nature of these transactions, the basis for the transactions, and to identify the existence of any additional transactions, is wholly or largely within the knowledge and control of Defendants.

84.     The transactions in question occurred during the perpetration of a fraud, namely the fraudulent scheme operated by Smith through the Receivership Parties.

85.     The Receivership Order grants the Receiver the authority to demand an accounting from parties who engaged in transactions with the Receivership Parties and/or who may possess Receivership Assets.

## **Prayer for Relief as to Count III**

WHEREFORE, Receiver requests this Court enter a judgment in his favor and against Defendants, Hector Valdes, Bluwater Holdings Corp., Doggtek, LLC, FOGO Resources, Terranovus Corp., Underground Resources, Ltd., Valdesco, Ltd., and ZROC International, Ltd., requiring them to provide a full and accurate accounting of any and all assets received from, payments made on their behalf by, or transactions engaged in with, the Smith Defendants and Receivership Parties, and/or transactions between Defendants involving Receivership Assets, and additionally requests interest, costs, and such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

Dated: 9/19/2023

*s/ Robin S. Weiss*
Robin S. Weiss (N.J. ID. 018182011)
Nicholas C. Needle (N.J. ID. 209352016)
Clark Hill PLC
Two Commerce Square
2001 Market Street, Suite 2620

Philadelphia, PA 19103
Phone: 215-640-8500
Fax: 215-640-8501
rsweiss@clarkhill.com
nneedle@clarkhill.com
*Attorney for Receiver, Kevin Dooley Kent*